IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VICTOR HACKETT, | § | |
| | § | No. 697, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0609019128 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 2, 2016
Decided: July 18, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 18th day of July 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) The record reflects that, in December 2006, Hackett pled guilty to Possession with Intent to Deliver Cocaine ("PWIDC"). In the plea papers, Hackett acknowledged that the Superior Court was required to impose no fewer than fifteen years of Level V incarceration for PWIDC. Hackett also agreed to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a). In exchange for the plea, the State agreed to drop other charges and to recommend that the Superior Court impose no more than fifteen years of

Level V incarceration. On February 16, 2007, after declaring Hackett a habitual offender under Section 4214(a), the Superior Court sentenced Hackett to twenty years of Level V incarceration, suspended after fifteen years for five years of Level IV Halfway House In-Patient Substance Abuse, suspended after nine months for eighteen months of Level III probation.

(2) In November 2014, Hackett filed a motion for correction of sentence under Superior Court Criminal Rule 35(a). Hackett claimed that the suspended portion of his sentence violated Section 4214(a). Hackett asked the Superior Court to correct his sentence and impose fifteen years of Level V incarceration with no probation to follow. The Superior Court construed the motion as a motion for reduction of sentence under Rule 35(b) and denied the motion as repetitive and untimely filed.

(3) On appeal, this Court held that the Superior Court abused its discretion when it denied Hackett's motion for correction of sentence as untimely and repetitive under Rule 35(b) because a motion to correct an illegal sentence can be filed at any time under Rule 35(a).[1] We agreed with the parties that the suspended portion of Hackett's sentence violated Section 4214(a), which provides that any sentence of less than life imprisonment

---

[1] *Hackett v. State*, 2015 WL 4463789, at *2 (Del. July 21, 2015).

2

shall not be subject to suspension, and had to be corrected.[2]  We agreed with the State "that a corrected sentence imposing fifteen years at Level V under Section 4214(a) followed by nine months at Level IV halfway house inpatient substance abuse treatment and eighteen months at Level III probation would be consistent with the original sentencing plan and comply with Section 4214(a) and Section 4204(l)."[3]  This Court vacated Hackett's sentence and directed the Superior Court to conduct a new sentencing hearing.[4]

(4)     Counsel was appointed to represent Hackett for his sentencing. The Superior Court held a new sentencing hearing on December 4, 2015. The Superior Court sentenced Hackett, effective December 4, 2006, to fifteen years of Level V incarceration, followed by nine months of Level IV Halfway House In-Patient Substance Abuse and eighteen months of Level III probation.  This appeal followed.

(5)     On appeal, Hackett's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Hackett

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

3

of the provisions of Rule 26(c) and provided Hackett with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Hackett of his right to identify any points he wished this Court to consider on appeal. Hackett has raised several issues for this Court's consideration. The State has responded to the issues raised by Hackett and moved to affirm the Superior Court's judgment.

(6)  When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5]

(7)  Hackett first argues that a sentence imposed under Section 4214(a) cannot include any probation. This argument is contrary to Section 4204(l), which requires that a court impose at least six months of Level IV, Level III, or Level II time whenever it imposes Level V time of one year or more in order to aid a prisoner's transition back into society.[6] Thus, as we

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[6] 11 *Del. C.* § 4204(l).

4

recognized in our previous decision regarding Hackett's sentence, the corrected sentence must include transition time under Section 4204(l).[7]

(8)    Hackett next argues that even if transition time is permissible, that time cannot exceed six months.  This argument is also without merit. Section 4204(l) requires "a period of custodial supervision at either Level IV, III or II for a period *of not less than 6 months* to facilitate the transition of the individual back into society."[8]  Section 4204(l) sets a minimum, not a maximum, period of transition time.[9]

(9)    Hackett next appears to claim that six months of Level V time should be deducted from his sentence because the remand and new sentencing hearing led to changes in his housing security classification. Hackett cites no authority in support of this argument.  "[T]he transfer of prisoners from one housing unit to another falls within the ambit of the discretionary duties of prison officials."[10]  Hackett has not shown any entitlement to a six month reduction in his Level V time.

---

[7] *Hackett v. State*, 2015 WL 4463789, at *2.  *See also Carpenter v. State*, 2015 WL 3454595, at *1 (Del. May 28, 2015) (holding ten year Level V sentence under Section 4214(a) followed by six months at Level IV and six months at Level III was not illegal).

[8] 11 *Del. C*. § 4204(l) (emphasis added).

[9] The transition period under Section 4204(l) cannot exceed six months when a sentencing court imposes the maximum sentence (*Harris v. State*, 2014 WL 791855 (Del. Feb. 25, 2014)), but in this case the Superior Court imposed less than the maximum sentence of life imprisonment under Section 4214(a).

[10] *Desmond v. Phillips*, 2012 WL 424891, at *1 (Del. Feb. 8, 2012).

5

(10)  Finally, Hackett argues that this Court should address what will happen if he commits a violation of probation because no Level V time will remain on his sentence.  The Superior Court declined to address this issue, concluding that it could be addressed when, and if, it ever arose.  We agree with the Superior Court.  "Delaware courts do not render advisory or hypothetical opinions."[11]

(11)  This Court has reviewed the record carefully and has concluded that Hackett's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Hackett could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[11] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217 (Del. 2014).